[Civ. No. 9265. Third Dist. Apr. 18, 1957.]

GEORGE RONDOS, Petitioner, v. SUPERIOR COURT OF SOLANO COUNTY, Respondent; EDWARD ESSY, Real Party in Interest.

Millard Smith, J. R. Traub and Jack B. Burstein for Petitioner.

No appearance for Respondent.

Thomas O'Hara for Real Party in Interest.

VAN DYKE, P. J.—This is a proceeding in mandate. The petition sets forth that one Edward Essy instituted an action against petitioner in the respondent court seeking the dissolution of an alleged partnership and an accounting of partnership affairs; that the plaintiff therein initiated proceedings for the appointment of a receiver; that respondent court, after a hearing, appointed a receiver over the objection of petitioner herein; that petitioner appealed from said order and thereafter applied to the respondent court, pursuant to section 943 of the Code of Civil Procedure, for an order fixing the amount of a bond to be given to stay, during the appeal, the execution of the order appointing a receiver; that the application was heard and the court refused to fix

the amount of the bond. This court issued its alternative writ and the matter has been heard and submitted for decision.

It appears that the court refused to fix the stay bond because the application asserted that it was based, among other grounds, on the ground that the plaintiff was not entitled to the appointment of a receiver. The reaction of the trial court was that if it fixed the bond with the assertion in the application that the plaintiff was not entitled to the appointment of a receiver it would be an admission on the part of the court that it had erred. We can ascribe no such effect to the assertion made. It is not, of course, an assertion of fact, but is the conclusion of the applicant in line with the taking of the appeal. It was wholly immaterial and need not have been made, but its presence in the application, even coupled with what appears to have been the refusal of counsel for the applicant to consent to its being stricken from the application, afforded no ground for the court to refuse to fix the bond. That refusal amounted to refusal to perform a duty cast upon the respondent court by the law and warrants the issuance of this court's peremptory writ.

It is ordered that a peremptory writ issue directing the respondent court, upon the application aforesaid, to make its order fixing the amount of the stay bond.

Peek, J., and Schottky, J., concurred.